DESENDER v. De MEULENAERE.

1. COMMERCE—INTERSTATE COMMERCE—WAGES.
   Finding by trial court that city streets which are used by the United States postal service and by residents of the area in going to and from work and on out-of-state journeys, and which connect with interstate highways are available to people engaged in interstate commerce, and that those who labor to improve those streets are engaged in interstate commerce and are therefore covered by the wage provisions of the Federal Fair Labor Standards Act *held*, proper (USCA § 201 *et seq.*).

2. COSTS—ATTORNEY FEES—REASONABLENESS—FINDINGS OF FACT.
   It was error for the trial court to fail to make findings of fact on the question of the reasonableness of attorney fees awarded pursuant to a successful claim for back pay under the Federal Fair Labor Standards Act (29 USCA § 201 *et seq.*; GCR 1963, 517.1).

3. SAME—ATTORNEY FEES—REASONABLENESS.
   An award of attorney fees amounting to $10 per hour does not appear to be reasonable in light of the minimum fees recommended by the bar association.

Appeal from Common Pleas Court of Detroit, Pernick (Joseph J.), J. Submitted Division 1 April 5, 1967, at Detroit. (Docket Nos. 1,803, 1,804 and 1,805.) Decided August 26, 1968.

Declaration by Andre Desender, Gerard Desender, and Roger Vandenbussche against Mary De Meule-

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur, Labor §§ 639, 641–643.
[2, 3] 20 Am Jur 2d, Costs §§ 72, 78, 79.

naere, personally and as administratrix of the estate of Floris De Meulenaere, deceased, for back wages due them under overtime provisions of the Fair Labor Standards Act, and attorney fees. Judgment for plaintiffs. Defendant appeals. Plaintiffs cross-appeal as to amount of attorney fees granted. Affirmed in part and remanded in part.

*George W. Tobias*, for plaintiffs.

*Okrent, Baun & Vulpe*, for defendant.

T. G. Kavanagh, P. J. This appeal is from the common pleas court for the city of Detroit which granted an award of overtime compensation under the fair labor standards act of 1938,[1] and includes a cross-appeal testing the adequacy of the attorney's fees which that court awarded.

The plaintiffs were employed by the defendant and her late husband in the paving and repair of certain streets in the cities of Grosse Pointe and Grosse Pointe Farms, Michigan.

Their claim for overtime was asserted on the theory that their work was performed on a facility or instrumentality of interstate commerce. It was defended on the theory that the streets upon which they worked were not an interstate commerce facility and hence their work was exempt as a local activity.

The question stated on appeal is:

"Were plaintiffs engaged in interstate commerce within the meaning of the terms of the fair labor standards act of 1938 as amended to date as such act has been construed by the courts to date?"

The trial court found as a matter of fact that the roads in question were available to and regularly

---

1. 29 USCA § 201 *et seq.*

used by persons and articles moving in interstate commerce.

It appears that the streets are used by the United States Postal service and residents of the area going to or coming from their places of employment and their out-of-state journeys. These streets all connect with interstate highways and hence are available to persons engaged in interstate commerce or the production of goods for commerce.

Under this circumstance we find no error in the trial court's finding and affirm his judgment in this regard.

The cross-appeal questions the reasonableness of the attorney fees awarded under the act. The trial judge did not make findings of fact on this issue as required by our court rules.[2] Counsel for the plaintiffs assert that they spent 92 hours and 20 minutes in the preparation and trial of this case. If this be the fact, an award of approximately $10 per hour does not impress us as a reasonable award in light of the minimum fees recommended by the bar association.

The cause is remanded for findings of fact and the award of a reasonable attorney fee as provided in the statute.

Plaintiffs may have their costs in this Court.

LEVIN and VANDER WAL, JJ., concurred.

2. GCR 1963, 517.1.