PETTERMAN v HAVERHILL FARMS, INC

Docket No. 60710. Submitted January 9, 1983, at Detroit.—Decided April 18, 1983.

Barbara Petterman was injured while taking horseback riding lessons at Haverhill Farms, Inc. She filed suit in Oakland Circuit Court and the case was submitted to mediation. The mediation panel recommendation that defendants, Haverhill Farms, Inc.; Roger Turner, Petterman's riding instructor; and the Young Men's Christian Association, Farmington Branch, pay Petterman damages of $12,500 was rejected by all parties. During trial, defendant YMCA settled with plaintiff and was dismissed from the case. The trial resulted in directed verdicts in favor of Haverhill Farms and Turner and the trial court, Robert L. Templin, J., granted their request for $9,304 in attorney fees after finding their attorney's itemized bill of costs to be prima facie accurate. Plaintiff appeals the amount of the fees assessed. *Held:*

1. The trial court abused its discretion in finding the bill acceptable on its face instead of actually considering the issue of reasonableness of the bill. The case is remanded to the trial court for an evidentiary hearing on the reasonableness of the fee requested by defendants' attorney.

2. Plaintiff's contention that the application of the court rule on mediation deprived her of her constitutional rights to trial and to due process of law was not preserved for appeal and will not be considered.

Remanded for an evidentiary hearing and the award of a reasonable attorney fee.

1. Appeal — Attorney Fees.

An award of attorney fees will be upheld by the Court of Appeals absent an abuse of the trial court's discretion.

---

References for Points in Headnotes

[1] 4 Am Jur 2d, Appeal and Error § 195.

[2] 7 Am Jur 2d, Attorneys at Law § 277 *et seq.*
Amount of attorney's compensation in absence of contract or statute fixing amount. 57 ALR3d 475.

[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

2. ATTORNEY AND CLIENT — ATTORNEY FEES — REASONABLENESS.

> Facts to be taken into consideration in determining the reasonableness of attorney fees include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

3. APPEAL — CONSTITUTIONAL LAW — CONSTITUTIONAL CHALLENGES.

> Constitutional challenges may not be raised for the first time on appeal, regardless of the merit of the constitutional claims.

*Zeff & Zeff* (by *Thomas F. Campbell* and *Michael T. Materna),* for plaintiff.

*Jenkins, Nystrom, Hitchcock, Parfitt & Nystrom, P.C.* (by *Janis B. De Gennaro),* for defendant.

Before: T. M. BURNS, P.J., and R. M. MAHER and H. HOOD, JJ.

PER CURIAM. The trial court ordered plaintiff to pay defendants' attorney fees pursuant to GCR 1963, 316.7. Plaintiff appeals as of right the amount of the fees assessed.

Plaintiff was injured in a horseback riding accident at defendant Haverhill Farms after defendant Roger Turner, the instructor of her class, told her to jump from a runaway horse. A mediation panel recommended that defendants pay plaintiff damages in the amount of $12,500, a figure all parties rejected. During trial, defendant YMCA settled with plaintiff and was dismissed from the case. The remaining defendants, however, continued to directed verdicts in their favor. Defendants requested $9,304 in attorney fees pursuant to GCR 1963, 316.7, which the trial court granted, finding defendants' attorney's itemized bill of costs to be "prima facie accurate".

While GCR 1963, 316.7 allows the payment of attorney fees where all parties reject the mediation panel's evaluation and the ultimate damages awarded are more than 10% below the panel's recommendation, the fees must be reasonable as determined by the trial judge. GCR 1963, 316.8. An award of attorney fees will be upheld by this Court absent an abuse of the trial court's discretion. *Superior Products v Merucci Bros, Inc,* 107 Mich App 153; 309 NW2d 188 (1981); *Sturgis Savings & Loan Ass'n v Italian Village, Inc,* 81 Mich App 577; 265 NW2d 755 (1978). The court must make findings of fact on the issue. *Sturgis, supra; Desender v DeMeulenaere,* .12 Mich App 634; 163 NW2d 464 (1968).

In *Crawley v Schick,* 48 Mich App 728; 211 NW2d 217 (1973), this Court established several factors which should be considered by the trial court when considering the reasonableness of attorney fees: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. These guidelines were adopted by the Supreme Court recently in *Wood v DAIIE,* 413 Mich 573; 321 NW2d 653 (1982).

In the present case, the trial court considered none of these factors on the record. It made no findings of fact. Instead, it found the bill of costs to be "prima facie accurate". But even a superficial application of the *Crawley* factors raises questions as to the reasonableness of the attorney fees award: the $9,304 fee was charged for a claim evaluated at $12,500; the questionable difficulty of the case; and the appropriateness of the time allocated to various tasks listed on the bill of costs.

The itemized bill in itself was not sufficient to establish the reasonableness of the fee, nor was the trial judge required to accept it on its face. See *Sturgis, supra,* p 584. The burden of proving fees rests upon the claimant of those fees. See *In re Eddy Estate,* 354 Mich 334, 348; 92 NW2d 458 (1958). When plaintiff challenged the reasonableness of the fee requested, the trial court should have inquired into the services actually rendered by the attorney before approving the bill of costs. Letters and interrogatories could have been examined, actual time of trial and motions determined, and the appropriateness of the assignment of the work load between attorneys and paralegals discussed. Since plaintiff claimed that defendants' attorney fees were excessive in general and the trial court failed to actually consider the issue of reasonableness but instead found the bill acceptable on its face, the trial court abused its discretion. This case is therefore remanded to the trial court for an evidentiary hearing on the reasonableness of the fee requested by defendants' attorney. In making a final award of attorney fees, the trial court should determine a reasonable fee based on the particular facts of the case and community legal practice.

Plaintiff next contends that the application of GCR 1963, 316.7 deprived her of her constitutional rights to trial and to due process of law. Plaintiff, however, presented neither of these issues to the trial court. Constitutional challenges may not be raised for the first time on appeal. *Crawford v Consumers Power Co,* 108 Mich App 232; 310 NW2d 343 (1981); *Drewes v Grand Valley State Colleges,* 106 Mich App 776; 308 NW2d 642 (1981). This rule applies even if the constitutional claims may be of merit. *Penner v Seaway Hospital,* 102

Mich App 697; 302 NW2d 285 (1981). Since plaintiff failed to preserve these issues for appeal, and since we require remand on other grounds, this Court does not consider the constitutional arguments raised by plaintiff.

Remanded for an evidentiary hearing and the award of a reasonable attorney fee. Costs to plaintiff.