## In re L'ESPERANCE ESTATE

Docket No. 69067. Submitted November 1, 1983, at Grand Rapids.—
Decided January 17, 1984.

Roy J. L'Esperance, a minor, was severely injured in an automo-
bile accident while driving an automobile owned by his foster
brother and insured by Auto-Owners Insurance Company. L'Es-
perance had no insurance coverage of his own. L'Esperance was
treated at Bronson Methodist Hospital. Nancy Dailey was
appointed L'Esperance's temporary guardian. Dailey retained
attorneys Kevin R. Kleidon and James F. Sloan, Jr. The St.
Joseph Probate Court granted Dailey's petition to authorize her
employment of Kleidon and Sloan. Dailey and Sloan entered
into a contingent fee agreement allowing Sloan one-third of any
benefits recovered for L'Esperance. Auto-Owners began paying
no-fault insurance benefits for L'Esperance. Thereafter, Dailey
petitioned the St. Joseph Probate Court for approval of an
interim accounting and payment of attorney fees and expenses.
The court, Albert J. Neukom, J., acting by assignment, held
that the attorneys were entitled to only a fee based upon an
hourly rate in obtaining uncontested no-fault insurance bene-
fits. Bronson Methodist Hospital filed a petition in the probate
court to intervene, claiming that it had an interest in the
disbursement of the no-fault insurance benefits and objecting to
the petition for attorney fees. The court granted Bronson's
petition to intervene and denied Sloan's motion for reconsidera-
tion of its decision regarding attorney fees. Sloan and Kleidon
appealed. Kleidon did not file a brief on appeal and no issues
regarding him were raised on appeal. *Held:*

The decision of the probate court should be affirmed. The
Michigan no-fault act does not contain a provision dealing with

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Guardian and Ward § 25.
[2] 39 Am Jur 2d, Guardian and Ward § 180.
[3] 4 Am Jur 2d, Appeal and Error § 139.
[4] 7 Am Jur 2d, Attorneys at Law § 277 *et seq.*

Amount of attorneys' compensation in absence of contract or stat-
ute fixing amount. 57 ALR3d 475.

attorney fees in cases which are uncontested. The judge here considered the appropriate factors in determining the reasonableness of Sloan's fee. The judge concentrated special attention on the skill, time, and labor involved and considered item by item the time that Sloan claimed he had devoted to the case. The probate judge did not abuse his discretion.

Affirmed.

1. GUARDIAN AND WARD — PROBATE — EXCLUSIVE JURISDICTION.

A probate court has exclusive jurisdiction in the resolution of any contested matter with respect to its wards (MCL 700.121[d]; MSA 27.5021[d]).

2. GUARDIAN AND WARD — ATTORNEY FEES — PROBATE COURT RULES.

An attorney claiming a fee in an estate matter should append to an accounting, schedule, petition, or motion in which compensation is claimed, a written description of services performed, a summary of the work done by the attorney, and other information that might be helpful to the court in determining compensation where the attorney's compensation has not been consented to by all parties affected or approved by the judge having jurisdiction over the estate (PCR 908.3).

3. APPEAL — ATTORNEY FEES — PROBATE COURT.

The standard of review applied by the Court of Appeals to a probate court's determination as to the amount of attorney fees to be awarded is whether the court abused its discretion.

4. ATTORNEY AND CLIENT — ATTORNEY FEES.

There is no precise formula for computing the reasonableness of an attorney's fee; the facts to be taken into consideration in determining the reasonableness of a fee include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

*Sloan, Benefiel, Farrer & Newton* (by *Gary C. Newton),* for petitioner.

*Wickett, Laudenslager & Baugh, P.C.* (by *Russell B. Baugh),* for respondent.

Before: MacKenzie, P.J., and J. H. Gillis and
T. C. Megargle,* JJ.

MacKenzie, P.J. This case arises from a dispute
over the amount of attorney fees due the attorney
for the guardian of Roy L'Esperance, who was
injured in an automobile accident on March 23,
1982. The car he was driving belonged to his foster
brother and was insured by Auto-Owners Insur-
ance Company. L'Esperance had no insurance cov-
erage of his own. Due to his injuries he was
hospitalized at Bronson Methodist Hospital and
accrued large medical bills. The bills were paid
after L'Esperance's guardian, Nancy Dailey, had
appellant Sloan, an attorney, file an application
for no-fault automobile insurance benefits on May
18, 1982. The medical bills were submitted on
June 2, 1982, and the insurer voluntarily began
submitting drafts in payment thereof on June 14,
1982. Thereafter, appellant Sloan and Nancy Dai-
ley, as L'Esperance's guardian, entered into a
contingent fee agreement on June 18, 1982, allow-
ing appellant one-third of any benefits recovered.
Sloan now claims that he is entitled to one-third of
the total amount recovered due to his efforts in
the case under the contingent fee agreement.
Sloan was appointed the attorney for the estate by
an order signed by Probate Judge Morley on June
22, 1982. After learning of Sloan's intention to
claim one-third of the PIP benefits, Bronson Meth-
odist Hospital intervened in the matter as an
interested party on the ground that, if Sloan's
claim was allowed, there would not be sufficient
money left in the fund to reimburse the hospital
for medical care provided to L'Esperance. Al-
though attorney Kleidon is listed as an appellant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in the claim of appeal, he has not filed a brief on appeal and no issues regarding attorney Kleidon are raised in attorney Sloan's brief on appeal.

On October 5, 1982, Albert J. Neukom, Hillsdale County Probate Judge acting by assignment in St. Joseph County, found that the claim for uncontested PIP benefits was a separate and distinct action from certain contested PIP benefits and from a personal injury case and ruled that the time and effort spent by Sloan establishing the guardianship of L'Esperance and pursuing uncontested PIP benefits should be based on an hourly rate as opposed to a contingent fee. The judge ordered Sloan to submit a statement outlining the amount of fees claimed by Sloan for services rendered in procuring the uncontested benefits.

On November 22, 1982, the court held a hearing to determine the amount of fees due Sloan. Judge Neukom ruled that the amount of fees due Sloan for services rendered to the estate of L'Esperance was $2,062.50 rather than the $25,425 amount claimed by Sloan. In making its decision the court reiterated its ruling that the contingent fee agreement made between the guardian and Sloan should not be effective regarding the uncontested or promptly paid PIP benefits.

Attorney Kevin Kleidon testified that this matter began when the probate judge for St. Joseph County, John Morley, asked attorney Kleidon if he was willing to act as guardian ad litem for L'Esperance. Prior to the accident, L'Esperance had been living with the Keith and Nancy Dailey family. Kleidon spoke with Nancy Dailey and advised her that she should petition for guardianship and that he would act as her attorney. After the temporary guardianship arrangement had been made, Kleidon spoke with Nancy Dailey and discovered that

L'Esperance's injuries had resulted from an automobile accident. He then got a copy of the police report which indicated to him that there might be a third-party suit or a no-fault insurance case involved in the matter. At that point, Kleidon contacted appellant Sloan's office and set up an appointment for Nancy Dailey to meet with Sloan regarding her legal rights.

Attorney Sloan testified that he first met with Nancy Dailey on May 6, 1982. During the meeting they discussed no-fault insurance benefit claims that could be filed on behalf of L'Esperance. Sloan did not inform Mrs. Dailey that she could file a claim for the PIP benefits herself without benefit of counsel or that his firm could bill her at an hourly rate rather than entering into a contingent fee arrangement. Sloan also did not discuss with Mrs. Dailey the difference between contested and uncontested no-fault insurance claims.

Appellant claims the probate court erred in determining attorney fees on the basis of reasonableness in terms of the skill, time, and labor involved rather than enforcing the contingent fee contract. We find no error.

It was within the authority of the probate court to make a ruling in the present matter because the court has been granted exclusive jurisdiction in the resolution of any contested matter with respect to its wards. MCL 700.21(d); MSA 27.5021(d). It was also within the court's authority to hold a hearing on the amount of compensation due the attorney for the estate of L'Esperance since this power is granted by PCR 908.3. The rule states that, when an attorney's compensation has not been consented to by all the parties affected or approved by the judge having jurisdiction over the estate, the attorney claiming the fee must append

to an accounting, schedule, petition, or motion in which compensation is claimed a written description of services performed, a summary of the work done by the attorney, and other information that might be helpful to the court in determining compensation.

In the present case a hearing was held on November 22, 1982, to determine the compensation due attorney Sloan. On December 27, 1982, an order was issued granting Sloan's law firm $2,062.50 as the fees due. and owing them for services rendered to the estate of L'Esperance rather than the one-third contingent fee they had originally requested. The standard of review applied by this Court to a probate court's determination as to the amount of attorney fees to be awarded is whether the court abused its discretion. *In re Estate of Weaver,* 119 Mich App 796, 799; 327 NW2d 366 (1982).

The Michigan no-fault act contains no provision which promulgates guidelines for the payment of attorney fees in uncontested cases. Absent a legislative pronouncement on determination of reasonable fees, a court should adhere to the guidelines enumerated in *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973). The Court in *Crawley* stated:

"There is no precise formula for computing the reasonableness of an attorney's fee. However, among the facts to be taken into consideration in determining the reasonableness of a fee include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. See generally 3 Michigan Law & Practice, Attorneys and Counselors,

§ 44, p 275 and Disciplinary Rule 2-106(B) of the Code of Professional Responsibility and Ethics."

While a contingent fee agreement may be considered as one factor in determining the reasonableness of a fee, it is not by itself determinative. *Liddell v Detroit Automobile Inter-Ins Exchange*, 102 Mich App 636; 302 NW2d 260 (1981), *lv den* 411 Mich 1079 (1981).

During the hearing held on November 22, 1982, the court gave careful consideration to all of the applicable elements of the test set forth in *Crawley, supra*. In line with *Liddell, supra*, the court considered the contingent fee agreement as a factor in making his determination. The judge concentrated special attention on the skill, time, and labor involved, considering item by item the time that Sloan claimed he had devoted to this case. We find that the judge properly determined the amount of fees to which Sloan was entitled and did not abuse his discretion.

In making his case, Sloan primarily relies on *Aetna Casualty & Surety Co v Starkey*, 116 Mich App 640; 323 NW2d 325 (1982), *lv den* 417 Mich 929 (1983), for the proposition that he may assert a binding attorney's lien on the no-fault medical benefits fund to the extent allowed by the contingent fee agreement between himself and the guardian.

The *Starkey* decision is distinguishable from the case at bar. Of primary importance is the fact that, in *Starkey*, the no-fault benefits due the defendant were overdue, as Aetna had refused to pay the claim on the ground that there was no causal relationship between defendant's son's ailment and the accident involved. The attorney for the defendant was required to allocate considerable time and effort to proving this causal relation-

ship and eventually was successful in doing so. The fact that the benefit payments were overdue also brought the case within MCL 500.3148(1); MSA 24.13148(1), which states in pertinent part: "An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue." As we have already stated, the Michigan no-fault act contains no provision dealing with attorney fees in cases which are uncontested. The benefits in this case were not overdue and the only step that Sloan took toward procuring the benefits was the filing of a no-fault application with the insurance company. This is hardly comparable to the efforts put forth by the attorney in *Starkey.* The trial court recognized this distinguishing factor in its determination of the reasonableness of Sloan's fee.

Affirmed. Costs to appellees.