BOWEN v NELSON CREDIT CENTERS, INC

Docket Nos. 68371, 69333. Submitted February 7, 1984, at Grand
    Rapids.—Decided September 4, 1984. Leave to appeal applied for.

    Gail Bowen brought an action in the Kent Circuit Court against
        Nelson Credit Centers, Inc., and American Health Fitness
        Centers of Grand Rapids, Inc., alleging breach of contract,
        intentional infliction of emotional distress, and violations of the
        Michigan Consumer Protection Act, the equal accommodations
        act, and the Handicappers' Civil Rights Act. Plaintiff was a
        member of 21st Century Health Spa, Inc., when it went bank-
        rupt. She was notified by Nelson Credit that it had purchased
        her membership contract and transferred it to American
        Health. When she identified herself to American Health as a
        blind person, she was refused membership. Prior to trial,
        plaintiff sought to discover through interrogatories the terms of
        any agreement between Nelson Credit and American Health
        relating to the transfer of members of 21st Century to Ameri-
        can Health. Both defendants refused to answer the pertinent
        interrogatories on the ground that the information sought was
        "both irrelevant and immaterial" to the lawsuit. The trial
        court, George R. Cook, J., agreed and denied plaintiff's motion
        to compel answers. It also refused to instruct the jury on
        breach of contract, intentional infliction of emotional distress
        and violations of the Michigan Consumer Protection Act and
        the equal accommodations act and granted summary judgment
        for Nelson Credit on all but the breach of contract claim, for
        which the court limited the liability to $204.99 in damages. It

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Depositions and Discovery § 199.

[2] 17 Am Jur 2d, Contracts § 304.

[3] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance, §§ 4, 5.
    Right to recover for emotional disturbance or its physical conse-
    quences, in the absence of impact or other actionable wrong. 64
    ALR2d 100.

[4] 75 Am Jur 2d, Trial § 589.

[5] 7 Am Jur 2d, Attorneys at Law § 277 et seq.
    Amount of attorneys' compensation in absence of contract or stat-
    ute fixing amount. 57 ALR3d 475.

entered a judgment on a jury verdict of $0.00 against American Health on the claim for violation of the Handicappers' Civil Rights Act and awarded, without stating reasons therefor, attorney fees to plaintiff in the amount of $3,000. Plaintiff appealed and defendant cross-appealed. The court also denied plaintiff's request to treble the attorney fees award as damages and plaintiff appealed from that denial. The appeals were consolidated. *Held:*

1. Information is discoverable by interrogatories where it is or might lead to admissible evidence, or where it is material to the trial preparation of the party seeking discovery, or when it is for some other reason necessary to promote the ends of justice. The information sought might be admissible or lead to admissible evidence probative of at least two issues: breach of contract under a third-party beneficiary theory and intentional infliction of emotional distress on the part of Nelson Credit if it contracted with American Health to exclude handicapped persons from American Health's facilities. The trial court abused its discretion in denying plaintiff's motion to compel discovery.

2. The court erred in refusing to give the requested instructions. The theories were specifically pled and there was no indication of an intention to abandon the claims at trial.

3. Facts to be taken into consideration in determining reasonable attorney fees include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. On remand, the court should reconsider the attorney fee award in light of the relevant factors.

Reversed and remanded.

1. PRETRIAL PROCEDURE — INTERROGATORIES — DISCOVERY — COURT RULES.

Information is discoverable by interrogatories where it is or might lead to admissible evidence, or where it is material to the trial preparation of the party seeking discovery, or when it is for some other reason necessary to promote the ends of justice (GCR 1963, 309.4).

2. CONTRACTS — THIRD-PARTY BENEFICIARY CONTRACTS.

The question of whether a contract provides benefits to third parties such that those third parties may seek enforcement as

third-party beneficiaries is answered by reference to the terms of the contract itself.

3. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and, if bodily harm to the other results from it, for such bodily harm.

4. TRIAL — JURY INSTRUCTIONS.

Refusal of a trial court to give a requested jury instruction which states the applicable law and which is supported by the evidence is error.

5. ATTORNEY AND CLIENT — ATTORNEY FEES.

Facts to be taken into consideration in determining reasonable attorney fees include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

*Saukas, Bush & Idema, P.A.* (by *Kenneth T. Saukas* and *Michael L. Idema),* for plaintiff.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *Charles F. Grzanka* and *Douglas W. VanEssen),* for defendants.

Before: M. J. KELLY, P.J., and R. M. MAHER and M. P. REILLY,* JJ.

M. J. KELLY, P.J. Plaintiff appeals as of right from (1) an order of summary judgment limiting the liability of Nelson Credit Centers, Inc., to $204.99 in damages for breach of contract, (2) a jury verdict of $0.00 against American Health Fitness Centers of Grand Rapids, Inc., for its violation of the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.,*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(3) an award of attorney fees in the amount of $3,000, and (4) the trial court's denial of her motion to treble the attorney fee award as damages. We reverse.

Plaintiff suffers from the degenerative disease of retinitis pigmentosa as well as from cataracts and has been legally blind since 1963. In 1975, plaintiff was left with double vision in her right eye following an operation to remove a cataract. In 1980, plaintiff underwent another operation to correct the double vision and a third operation was performed to implant a lens in her right eye. As a result of her blindness and the additional surgical complications, combined with the responsibility of raising two children, plaintiff has suffered serious emotional difficulties which are manifested in the form of depression, lack of self confidence and physical ailments. Psychiatric counseling in 1971 proved unsuccessful.

At the advice and encouragement of a friend, plaintiff in January of 1980 joined the 21st Century Health Spa, Inc., and began attending its facilities with her friend three times a week, utilizing the running track, exercise equipment, sauna, steam room and pool. Her headaches and stomach ailments subsided and she began to gain confidence in herself for the first time in years. In the spring of 1980, plaintiff enrolled in classes at the Association for the Blind. Plaintiff was always accompanied to the spa by her friend or her friend's daughter, but her goal was to attend the spa alone.

In February of 1981, however, plaintiff heard on the television that 21st Century had gone out of business. Several days later, she received two letters in the same envelope informing her that Nelson Credit had purchased her membership con-

tract from 21st Century and had transferred her membership to American Health. Within two days after receiving the letters plaintiff telephoned the American Health facility nearest to her home and spoke with a woman who was later identified as Cathe Werkema. Plaintiff inquired about transferring her membership and was told to bring to the facility a copy of her contract and a driver's license for identification. Upon informing Werkema that she did not have a driver's license because she was legally blind, Werkema responded "I am very sorry, but we do not accept blind people because of insurance reasons. We have had problems with blind people in the past." Plaintiff phoned the spa later that day asking to speak with a manager. She testified that she spoke with Dan Werkema and asked him if they accepted blind people. Plaintiff testified that he first put her on hold and later explained: "It is our policy not to accept blind people because of insurance reasons. You could slip or fall." Plaintiff testified that she asked about her obligation to Nelson Credit and was informed that she would probably not have to continue payment to that company.

Plaintiff testified that she was depressed for about a year after the termination of her spa membership and remained at home, having lost the self confidence gained as a result of her physical fitness activities. By January of 1982, she began to recover and enrolled at a junior college, participated in group therapy classes at the Association for the Blind and in April of 1982, at the suggestion of the executive director of the association, began treating with psychologist Donald Van-Ostenberg. Dr. VanOstenberg testified on behalf of plaintiff at trial, stating that, in his opinion, plaintiff had suffered from significant depression

prior to joining the 21st Century Spa and generally tended to be mistrustful, nervous and fearful due to her blindness. He also opined that plaintiff tended to internalize stress and that her visits to the spa were helpful to her efforts to externalize stress. In his opinion, plaintiff's experience with American Health resulted in an emotional setback.

Cathe Werkema and Dan Werkema testified regarding their telephone conversations with plaintiff. Cathe Werkema denied having told plaintiff that American Health did not accept blind applicants. She testified that she had informed plaintiff that she did not know the answer to her question about membership for the blind and left a message for Dan Werkema to return the call. Dan Werkema, in an affidavit prepared in October of 1981, denied having told plaintiff that American Health did not accept blind members. At his deposition in March of 1982, however, he admitted that the affidavit was false. Werkema admitted at trial that he had lied about his conversation with plaintiff for fear of losing his job after learning of plaintiff's lawsuit. Gary Bolte, area supervisor for American Health, and the Werkemas' boss, testified that American Health did not discriminate against the blind.

Plaintiff filed this lawsuit against both Nelson Credit and American Health on April 29, 1981, alleging breach of contract, intentional infliction of emotional distress and violations of the Michigan Consumer Protection Act, MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.,* the equal accommodations act, MCL 750.146; MSA 28.343, and the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.*

Prior to trial, plaintiff sought to discover the

terms of any agreement between Nelson Credit and American Health relating to the transfer of members of 21st Century to American Health. Both defendants refused to answer the pertinent interrogatories on the ground that the information sought was "both irrelevant and immaterial" to the lawsuit. The trial court agreed and denied plaintiff's motion to compel answers.

In *Maerz v United States Steel Corp,* 116 Mich App 710, 722; 323 NW2d 524 (1982), this Court held that discovery by interrogatories under GCR 1963, 309.4 is to be liberally allowed so long as the matter sought to be discovered is admissible for any purpose at trial. In an earlier opinion, another panel of this Court discussed the admissibility requirement and held that the test for determining whether interrogatories should be answered is whether "the information sought *is or might lead to admissible evidence,* is material to the moving party's trial preparation, or is for some other reason necessary to promote the ends of justice". *McLaren v Zeilinger,* 103 Mich App 22, 29; 302 NW2d 583 (1981) (emphasis added). A trial court's decision to grant or deny discovery is reversed only if there is an abuse of discretion. *Marchand v Henry Ford Hospital,* 398 Mich 163; 247 NW2d 280 (1976); *Masters v City of Highland Park,* 97 Mich App 56, 59; 294 NW2d 246 (1980), *lv den* 409 Mich 937 (1980).

We find that the trial court in this case abused its discretion in denying plaintiff's motion to compel answers to interrogatories. Agreements between Nelson Credit and American Health regarding the transfer of 21st Century members may be admissible or may lead to admissible evidence probative of at least two issues in this case. Plaintiff pled breach of contract against both American

Health and Nelson Credit. Plaintiff, however, never directly entered into a contract with American Health. Thus, the only contractual duty that could be owed plaintiff by American Health must arise out of a contract entered into between American Health and Nelson Credit, with plaintiff as a third-party beneficiary. In order for plaintiff to prove her third-party beneficiary claim, she must show that American Health intended her to directly benefit from its agreement with Nelson Credit. MCL 600.1405; MSA 27A.1405. The standard for determining the intent of American Health is an objective one and is to be discerned from the terms of the contract itself. *Local 80 Sheet Metal Workers International Ass'n, AFL-CIO v Tishman Construction Co*, 103 Mich App 784, 788; 303 NW2d 893 (1981). In being denied information regarding the terms of any agreement between American Health and Nelson Credit, plaintiff was prevented from proving her breach of contract claim against American Health.

Plaintiff also pled a cause of action in intentional infliction of emotional distress against both defendants, alleging that Nelson Credit was liable as a joint tortfeasor. Plaintiff's claim may be a viable one if she is able to prove that Nelson Credit engaged in extreme and outrageous conduct causing severe emotional distress to plaintiff. *Warren v June's Mobile Home Village & Sales, Inc*, 66 Mich App 386; 239 NW2d 380 (1976); *Holmes v Allstate Ins Co*, 119 Mich App 710, 714; 326 NW2d 616 (1982), *lv den* 417 Mich 1018 (1983). An agreement between American Health and Nelson Credit to exclude handicapped persons from American Health facilities would be admissible on this issue and should therefore have been subject to discovery.

Because plaintiff was denied discovery on information that would have been not only admissible at trial but also probative of at least two counts pled in her complaint, we find that the trial court's refusal to allow the discovery of agreements between American Health and Nelson Credit constitutes reversible error.

We reverse the trial court's order of summary judgment in favor of Nelson Credit on all but the breach of contract counts, without prejudice to Nelson Credit's right to reassert its motion after plaintiff has been allowed discovery as above provided. At that point, the trial court will be in a position to determine the actionability of plaintiff's other claims against Nelson Credit.

We also find reversible error in the court's refusal to instruct as requested on breach of contract, intentional infliction of emotional distress and violation of the Michigan Consumer Protection Act and the equal accommodations act. These theories of liability were specifically pled in the complaint and there is no indication that the claims were abandoned at trial. Plaintiff has a right to have her jury accurately instructed on the applicable law. *Jackovich v General Adjustment Bureau, Inc,* 119 Mich App 221, 240; 326 NW2d 458 (1982), *lv den* 417 Mich 1071 (1983).

Several other issues raised by plaintiff on appeal require our attention as they may recur at a new trial. We first find that the trial court did not abuse its discretion in refusing plaintiff's request to read the deposition testimony of Americn Health's vice president, Jim E. Carter, under GCR 1963, 302.4(2). The trial court excluded the deposition testimony on the ground that the substance of that testimony was cumulative and we find no abuse in that decision. GCR 1963, 302.5. We fur-

ther hold that in the event of retrial, evidence of any pretrial offers to plaintiff of unrestricted membership in American Health is inadmissible to prove plaintiff's failure to mitigate damages where plaintiff was also required to dismiss her lawsuit as a condition of membership. GCR 1963, 519.

As to the instructional errors alleged by plaintiff on appeal, we direct the trial court upon retrial to instruct the jury on the specific elements of plaintiff's damages supported by the evidence introduced at the new trial. See SJI2d 50:01 *et seq.* Moreover, an instruction on mitigation of damages should not be given if based on plaintiff's refusal to dismiss her lawsuit in return for unrestrictive membership. The trial court should distinguish between the law of exemplary damages and the tort of intentional infliction of emotional distress in submitting any verdict form to the jury and should instruct on the liability relationship between Dan and Cathe Werkema and American Health.

Finally, we remand this case to the trial court for a reconsideration of its attorney fee award to plaintiff. Attorney fees are allowed under § 606 of the Handicappers' Civil Rights Act, MCL 37.1606; MSA 3.550(606). Factors to be considered in awarding reasonable attorney fees are those enunciated in *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973), cited with approval in *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982). In this case, plaintiff sought attorney fees in the amount of $11,272.50 based on a total of 150.30 hours of work at $75 per hour. The trial court awarded fees in the amount of $3,000 but failed to state its reasons for arriving at that figure. On remand, the trial court should determine its attorney fee award in light of the *Crawley* factors and

particular attention should be paid to the complications unnecessarily introduced into this case as the result of Dan Werkema's false deposition.

None of the other issues raised by plaintiff on appeal require the attention of this Court.

Reversed.