JOHNSTON v DETROIT HOIST & CRANE CO

Docket No. 71721. Submitted June 7, 1984, at Detroit.—Decided January 9, 1985.

Plaintiffs, Michael Johnston and Lynn Johnston, brought a product liability action in the Oakland Circuit Court against defendant, Detroit Hoist & Crane Co. Prior to trial, a mediation panel evaluated the case and recommended that defendant pay plaintiffs $30,000. Both parties rejected the mediation evaluation. Following a trial, the jury returned a verdict of no cause of action. Defendant thereafter moved for costs and attorney fees. Following a hearing on the motion, the trial court, James S. Thorburn, J., granted the defendant's motion awarding defendant $2,925.43 for costs and $16,290 for attorney's fees. Plaintiffs' motion for reconsideration was thereafter denied. Plaintiffs appeal from the order denying their motion to reconsider. *Held:*

1. The trial court did not abuse its discretion in its award of attorney fees. The applicable court rule does not mandate the assessment of actual attorney fees but, rather, mandates the assessment of reasonable attorney fees. The trial court was correct in assessing a reasonable attorney fee for that locale.

2. The Court of Appeals did not address plaintiffs' arguments regarding the alleged violation of ethical standards as a result of the attorney fee award. The Court determined that the issue was neither ripe for decision nor properly before the Court.

3. The Court of Appeals noted that other issues raised by the plaintiffs had not been preserved for appeal due to plaintiffs' failure to raise the issues in the trial court.

Affirmed.

1. TRIAL — MEDIATION — ATTORNEY FEES — COURT RULES.
   A court rule allows for the assessment of actual costs to be paid

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Arbitration and Award § 139.
    Liability of parties to arbitration for costs, fees, and expenses. 57 ALR3d 633.
[2] 4 Am Jur 2d, Appeal and Error §§ 128, 129.
[3] 7 Am Jur 2d, Attorneys at Law § 237 *et seq.*

by the plaintiff to the defendant where both parties reject a mediation evaluation and the subsequent verdict is in an amount more than 10% below the mediation evaluation; actual costs include taxable costs and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the panel's evaluation; the court rule mandates the assessment of reasonable attorney fees, not the assessment of actual attorney fees (GCR 1963, 316.7, 316.8).

2. APPEAL — ATTORNEY FEES.

An award of attorney fees will be upheld by the Court of Appeals absent an abuse of the trial court's discretion.

3. ATTORNEY AND CLIENT — ATTORNEY FEES.

Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Samuel A. Meklir),* for plaintiffs.

*Tyler, Reynolds, Kenny & Thayer, P.C.* (by *John F. Sopt),* for defendant.

Before: R. M. MAHER, P.J., and HOOD and R. B. MARTIN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a May 25, 1983, order denying their motion to reconsider the trial court's May 4, 1983, order granting costs and attorney fees to defendant. We affirm.

Plaintiffs filed a product liability action against defendant, the manufacturer of a crane. Plaintiff Michael Johnston suffered an injury in a work-related accident involving the crane. Prior to trial, a mediation panel, pursuant to GCR 1963, 316, evaluated the case and recommended that defen-

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

dant pay plaintiffs $30,000. Both parties rejected this mediation evaluation. The jury verdict at the end of a two-week-long trial was no cause of action.

Following trial, defendant moved for costs and attorney fees. At the hearing on the motion, plaintiffs agreed that the number of hours defendant's counsel spent on the trial and its preparation was reasonable. Plaintiffs also agreed that $75 per hour, or $750 per trial day, was a reasonable figure for attorney's fees. Nevertheless, plaintiffs argued that the court rule, GCR 1963, 316.7 and 316.8, mandated that defendant be awarded only actual attorney's fees. Defendant's attorney was its insurance carrier's in-house counsel. Plaintiffs argued that actual costs were equal to the attorney's time spent on the trial times his hourly rate of pay based upon his annual salary. The trial court rejected this argument, stating that GCR 1963, 316.7 and 316.8 mandated that it make an objective finding of a reasonable attorney's fee under the circumstances. The trial court granted defendant's motion awarding defendant $2,925.43 for costs and $16,290 for attorney's fees.

In this appeal, plaintiffs argue that the trial court's award of attorney's fees was an abuse of discretion because the fees were unreasonable under the circumstances.

GCR 1963, 316.7(3) allows for the assessment of actual costs to be paid by the plaintiff to the defendant where both parties reject a mediation evaluation and a subsequent verdict is in an amount more than 10% less than the evaluation. Actual costs include taxable costs and a reasonable attorney fee "as determined by the trial judge for services necessitated by the rejection of the panel's evaluation". GCR 1963, 316.8. An award of attorney fees assessed pursuant to this court rule will

be upheld absent an abuse of the trial court's discretion. *Petterman v Haverhill Farms, Inc,* 125 Mich App 30, 32; 335 NW2d 710 (1983).

In *Crawley v Schick,* 48 Mich App 728; 211 NW2d 217 (1973), this Court established several factors which should be considered by the trial court when considering the reasonableness of attorney fees: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. These guidelines were adopted by the Supreme Court recently in *Wood v Detroit Automobile Inter-Ins Exchange,* 413 Mich 573; 321 NW2d 653 (1982). *Petterman, supra,* p 32.

We first note that the only issue raised below by plaintiffs relates to factor six, the nature and length of the professional relationship with the client. Plaintiffs did not argue below that the amount awarded was unreasonable in light of the $30,000 evaluation, although they do so now on appeal. Thus, plaintiffs have not preserved that argument for appeal. Moreover, plaintiffs' *ad damnum* request, as made in closing argument, was over $500,000. We find it more appropriate to compare that figure with the attorney fees requested by defendant.

Ultimately, what plaintiffs argue, as they did below, is that a reasonable attorney fee is the actual cost to the defendant, or what is actually spent. In this case, plaintiffs argue that defendant's counsel's in-house status means that actual attorney costs were significantly lower than $75 per hour. Indeed, plaintiffs argue that actual costs were equal only to the defendant's attorney's sal-

ary paid by the defendant's insurer for the time its attorney spent on this case.

We find that the language of GCR 1963, 316.7 and 316.8 is clear. A trial court is to assess *reasonable* attorney fees. The court rule does not mandate the assessment of *actual* attorney fees. See *Dembinski v Miller,* 130 Mich App 822, 827; 345 NW2d 626 (1983).

Therefore, the trial court did not abuse its discretion by failing to calculate the reasonable attorney fee in this case on the basis of defendant's in-house counsel's actual salary attributable to the work performed in this case. Such a calculation does not guarantee reasonableness. Plaintiffs did not also request the trial court to consider defendant's counsel's bonus and fringe benefits, or his employer's overhead in maintaining a legal department, as part of the actual attorney fee. The approach which the trial court did take, assessing a reasonable attorney fee for that locale under the circumstances, was correct.

Plaintiffs next argue that the trial court's attorney fee award violates ethical standards. Specifically, plaintiffs argue that the attorney fee award would be shared with a nonlawyer, an insurance company, in violation of the Code of Professional Responsibility and Canons, DR 3-102(A). Also, with such fee splitting, argue plaintiffs, the insurance company is, in effect, engaging in the unauthorized practice of law contrary to DR 3-101.

We first note that the attorney fee assessed pursuant to GCR 1963, 316.7 and 316.8 is awarded to the party, in this case the Detroit Hoist & Crane Co, and not directly to either the attorney or the insurance company. Although ethical questions might arise with regard to that fee, such questions are speculative at this point. Thus, be-

cause this issue is not ripe or properly before us, we do not address plaintiffs' arguments.

Plaintiffs next argue that GCR 1963, 316.7 is unconstitutional as it denies plaintiffs the right to trial, either by bench or jury. We find that these issues were not preserved for appeal due to plaintiffs' failure to raise the issue in the trial court. *Petterman, supra,* p 33.

Affirmed.