MAPLE HILL APARTMENT COMPANY v STINE (ON REMAND)

Docket No. 84499. Submitted April 25, 1985, at Lansing.—Decided December 16, 1985.

Maple Hill Apartment Company brought a professional malpractice action in Oakland Circuit Court against Robert W. Stine, an architect. Defendant raised a counterclaim. The matter was submitted to mediation. The mediation panel returned a single evaluation of $25,000 in plaintiff's favor. Defendant accepted the evaluation but plaintiff did not. The claim and counterclaim were tried before a jury. The jury returned a verdict of $4,700 in favor of plaintiff on plaintiff's claim and a verdict of no cause for action on defendant's counterclaim. The Oakland Circuit Court, John D. O'Brien, J., entered a judgment on the verdicts and, because plaintiff failed to obtain a verdict more than ten percent larger than the mediation evaluation, ordered plaintiff to pay the attorney who handled the defense against plaintiff's claim $10,108.11 in attorney fees and costs, including $1,250 for expert witness fees to be paid to defendant himself for testifying in his own behalf, and also to pay the attorney who handled defendant's counterclaim $4,218.75 in attorney fees and costs. Plaintiff appealed, claiming as error the ordering of these fees and costs. The Court of Appeals held that only attorney fees and costs that are reasonably foreseeable at the time the mediation evaluation is rejected could be taxed, that the defendant was not entitled to expert witness fees in the absence of a showing that he underwent special preparation to testify as an expert, and that, since defendant had not prevailed on the counterclaim, the attorney fees and costs associated with the counterclaim could not be taxed, the Court basing its decision on the language of GCR 1963, 316. 131 Mich App 317 (1984). Defendant sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals because

REFERENCES

Am Jur 2d, Attorneys at Law §§ 277-303.

Am Jur 2d, Costs § 78.

See the annotations in the ALR3d/4th Quick Index under Attorneys' Fees.

GCR 1963, 316 had not yet taken effect at the time mediation proceedings in this matter had been completed and remanded the matter to the Court of Appeals for reconsideration in light of a former local court rule. On remand *held:*

1. Former Oakland County Circuit Court Rule 18.12 defined actual costs to include reasonable attorney fees to be determined by the trial judge. The reasonableness of the attorney fees under this rule is to be determined by the trial judge after considering the professional standing and experience of the attorney, the skill, time and labor involved, the amount in question and the results achieved, the difficulty of the case, the expenses incurred and the nature and length of the professional relationship with the client.

2. While the trial court does not have to detail its findings as to each factor, it was error for the trial court to merely accept the submitted bill of costs at face value without considering the factors relating to the reasonableness of the attorney fees. Accordingly, it was necessary to remand to the trial court for proper consideration of the question of the amount of attorney fees arising out of the defense to plaintiff's claim which were to be taxed.

3. The determinations relative to the witness fees and attorney fees attributable to the prosecution of the counterclaim were reaffirmed.

Reversed and remanded.

MacKenzie, J., agreed in the result but dissented from the majority's comments relative to GCR 1963, 316. Although agreeing with the majority's disposition under the local court rule of the question of attorney fees attributable to the defense of defendant following the rejection of the mediation evaluation and the majority's disposition of the questions concerning witness fees and attorney fees attributable to the counterclaim, she would hold that determination of attorney fees under GCR 1963, 316 does not involve a two-stage process but involves only a determination of whether post-mediation attorney fees are reasonable.

### Opinion of the Court

1. Costs — Attorney Fees — Reasonable Fees — Mediation.

The general court rule which establishes the costs and attorney fees which may be taxed after a trial which followed the rejection of a mediation evaluation requires the finding of two separate conditions: (1) that any taxable attorney fees be reasonable, and (2) that the services for which such fees are taxed

have been necessitated by the rejection of the mediation evaluation (GCR 1963, 316.8).

2. COSTS — ATTORNEY FEES — REASONABLE FEES — FINDINGS OF FACT.
   Factors to be taken into consideration in determining the reasonableness of an attorney's fee include: (1) the professional standing and experience of the attorney, (2) the skill, time and labor involved, (3) the amount in question and the results achieved, (4) the difficulty of the case, (5) the expenses incurred, and (6) the nature and length of the professional relationship with the client; while a trial court should consider each factor, the trial court need not detail its findings as to each specific factor.

3. APPEAL — ATTORNEY FEES — REASONABLE FEES — ABUSE OF DISCRETION.
   An award of attorney fees will be upheld as reasonable unless it appears upon appellate review that the trial court's finding on the "reasonableness" issue was an abuse of discretion.

4. COSTS — ATTORNEY FEES — REASONABLE FEES — ABUSE OF DISCRETION.
   It is an abuse of discretion for a trial court, in determining what would be reasonable attorney fees, to accept as reasonable the amounts claimed in the bill of costs submitted by the attorney for the party entitled to tax costs and attorney fees without considering the skill, experience and reputation of the attorney, the difficulty and expenses of the case and the nature and length of the professional relationship of the attorney with his client.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY MACKENZIE, J.

5. COSTS — ATTORNEY FEES — REASONABLE FEES — MEDIATION.
   *The phrase "for services necessitated by the rejection of the panel's evaluation" as used in the general court rule concerning attorney fees which can be taxed if a mediation evaluation is rejected and the trial fails to result in a verdict which does not exceed the evaluation by the designated amount was meant as nothing more than a temporal demarcation intended to convey the intent that it was only post-mediation costs which were recoverable; that language does not impose an independent duty on the trial court to determine that not only are the attorney fees reasonable but that they were specifically necessitated by the rejection of the mediation evaluation (GCR 1963, 316.8).*

*Donnelly W. Hadden, P.C.* (by *Donnelly W. Hadden),* for plaintiff.

*Samuel H. Gun* and *Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *Dennis B. Cotter*), for defendant.

## ON REMAND

Before: BRONSON, P.J., and T. M. BURNS and MACKENZIE, JJ.

T. M. BURNS, J. Plaintiff rejected a mediation panel evaluation and failed to obtain a verdict which was more than ten percent greater than the panel's evaluation. The trial court ruled that, pursuant to GCR 1963, 316.7(b)(1), defendant was entitled to "actual costs". The term "actual costs" is defined in GCR 1963, 316.8 to include "a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the panel's evaluation". In our earlier opinion in this case, 131 Mich App 371; 346 NW2d 555 (1984), we construed the meaning of GCR 1963, 316.8, and remanded the case for recalculation of the recoverable fee. On April 17, 1985, the Supreme Court vacated our judgment and remanded the case for reconsideration in light of former Oakland County Circuit Court Rule 18.12, for the reason that GCR 1963, 316 did not take effect until after the mediation proceedings had been concluded. 422 Mich 862 (1985).

Former Oakland County Circuit Court Rule (OCCR) 18.12 defines the term "actual costs" to include "reasonable attorney fees to be determined by the judge to whom the case is assigned". The wording of former OCCR 18.12 differs from the wording of GCR 1963, 316.8. While under either rule, attorney fees are to be "reasonable" and are to be determined by the judge assigned to or presiding over the case, GCR 1963, 316.8 contains

an additional requirement that the attorney fees be "for services necessitated by the rejection".

Our previous opinion relied on this terminology to hold that a party rejecting a mediation evaluation is not to be burdened with unlimited liability for any costs which are "but-for" caused by the decision to proceed to trial. The result reached in our earlier opinion was based on the requirements that attorney fees be "reasonable" and that those fees be only for services "necessitated" by the rejection. Thus, under GCR 1963, 316.8 attorney fees are recoverable only for services which are made necessary or unavoidable by the rejection. Attorney fees are not always recoverable for all services rendered. Causation principles require an inquiry into which consequences would not have occurred but for the rejection and an inquiry into which consequences are reasonably foreseeable. However, GCR 1963, 316 does not provide for recovery of attorney fees for all services "caused" by the rejection. Rather, the court rule provides for recovery of attorney fees for services which are "necessitated" by the rejection. Services may be foreseeable while at the same time they are not necessitated. An attorney may rationally choose to provide many legitimate services requested by clients, but at the same time such services may not be necessary. Grossly inefficient and unduly wasteful conduct is never necessitated by a rejection. Such services are avoidable and unnecessary. The resulting costs incurred through no fault of the party rejecting the award are not recoverable.

In addition to the requirement that the services be necessitated, an attorney fee based on such services is recoverable under GCR 1963, 316 only if the fee is "reasonable". The determination of the reasonableness of a fee involves a consideration of whether the attorney acted properly in

supplying the underlying services. A fee charged for unnecessary conduct might not be reasonable. Both the "reasonableness" requirement and the requirement that services be "necessitated" led to the result reached in our earlier opinion.

However, the court rule which is applicable in this case is former OCCR 18.12. That rule required only that the attorney fees be "reasonable". In *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973), this Court set forth several guidelines for determining the "reasonableness" of attorney fees. The *Crawley* factors have been applied in a multitude of cases in which reasonable attorney fees are authorized by statute or court rule. See *Burke v Angies, Inc,* 143 Mich App 683; 373 NW2d 187 (1985); *Johnston v Detroit Hoist & Crane Co,* 142 Mich App 597; 370 NW2d 1 (1985); *Nelson v DAIIE,* 137 Mich App 226; 359 NW2d 536 (1984); *Bowen v Nelson Credit Centers Inc,* 137 Mich App 76; 357 NW2d 811 (1984); *King v General Motors Corp,* 136 Mich App 301; 356 NW2d 626 (1984); *In re L'Esperance Estate,* 131 Mich App 496; 346 NW2d 578 (1984); *Bradley v DAIIE,* 130 Mich App 34; 343 NW2d 506 (1983); *Butt v DAIIE,* 129 Mich App 211; 341 NW2d 474 (1983); *Petterman v Haverhill,* 125 Mich App 301; 335 NW2d 710 (1982); *Heath v Alma Plastics Co,* 121 Mich App 137; 328 NW2d 598 (1982); *Medbury v General Motors Corp,* 119 Mich App 351; 326 NW2d 139 (1982); and *Liddell v DAIIE,* 102 Mich App 636; 302 NW2d 260 (1981). In addition, the Supreme Court adopted the *Crawley* factors and applied them to the no-fault insurance scheme in *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982). While a trial court should consider the guidelines of *Crawley,* it is not limited to those factors in making its determination. *Id.* Further, the trial court need not detail its findings as to

each specific factor considered. *Id.* The award will be upheld unless it appears upon appellate review that the trial court's finding on the "reasonableness" issue was an abuse of discretion. *Id.* However, if any of the underlying facts, such as the number of hours spent in preparation, are in dispute, the trial judge should make findings of fact on those issues. See *Desender v De Meulenaere,* 12 Mich App 634; 163 NW2d 464 (1968).

In the instant case, plaintiff challenged the amount of attorney fees requested by defendant. The trial court merely found that the bill of costs was reasonable and accepted the bill on its face. This was error. The trial court abused its discretion by failing to consider the *Crawley* factors and to determine a reasonable fee.

As to the awards for expert witness fees and defense of the counterclaim, we adopt the analysis in our original opinion. See 131 Mich App 371, 379-380.

Reversed and remanded for proceedings in which the *Crawley* factors are applied and any underlying disputed issues of fact are resolved.

Bronson, P.J., concurred.

MacKenzie, J. *(concurring in part and dissenting in part).* I concur with that portion of the majority opinion disallowing the awards for expert witness fees and for the defense of the counterclaim. I also concur with the majority that reasonable attorney fees for purposes of Oakland County Circuit Court Rule (OCCR) 18.12 should be determined by applying the factors enumerated in *Crawley v Schick,* 48 Mich App 728; 211 NW2d 217 (1973). However, I cannot agree with the clear implication of the majority opinion that the method by which reasonable attorney fees are

determined pursuant to GCR 1963, 316.8 materially differs from that held to apply to the Oakland County rule.

Where a defendant accepts a mediation evaluation but the plaintiff rejects it, GCR 1963, 316.7(b)(1) authorizes the assessment of actual costs to be paid by the plaintiff to the defendant if the plaintiff does not obtain a verdict in an amount at least ten percent greater than the evaluation. Pursuant to GCR 1963, 316.8, actual costs include taxable costs "and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the panel's evaluation".

In the earlier opinion in this case, *Maple Hill Apartment Co v Stine*, 131 Mich App 371; 346 NW2d 555 (1984), *vacated and remanded* 422 Mich 862 (1985), the majority held that reasonable attorney fees for purposes of GCR 1963, 316.8 should be construed as those attorney fees "reasonably fore-seeable" at the time a party opts to reject a mediation evaluation. On remand, the majority has abandoned that construction in favor of a construction which would require the trial court to make two separate inquiries. First, the court would determine whether the claimed attorney fees are reasonable. The majority implies that this initial determination should be made by applying the *Crawley* factors. Second, under the majority's analysis, the trial court would have to resolve whether the fees were necessitated by rejection of the mediation evaluation. Unfortunately, the majority provides trial courts no guidance as to how this question should be resolved.

While I fully agree that the "reasonably foreseeable" test of the earlier opinion should be discarded, in my opinion, the new approach suggested by the majority is equally unsatisfactory. The

purpose of GCR 1963, 316.7 and 316.8 is to encourage resolution through mediation by imposing certain sanctions against a party who rejects a mediation award and obtains from a subsequent trial a result which is less favorable than the mediation award. To effect this purpose, the mechanics of the sanction rule must be both fair and relatively easy to apply. Insofar as the majority goes beyond the application of the *Crawley* factors in determining what constitutes a reasonable attorney fee for purposes of GCR 1963, 316 and focuses on whether services performed were "necessitated" by the rejection of a mediation evaluation, it significantly diminishes the efficacy of imposing such sanctions and consequently subverts the purpose of the court rule.

The premise of the majority opinion is that there is a substantive difference between GCR 1963, 316.8 and OCCR 18.12. In my opinion, that premise is flawed. I would hold that OCCR 18.12 and GCR 1963, 316.8 are alike in substance: both authorize imposition of reasonable attorney fees incurred by the nonrejecting party for services performed after the rejection of a mediation evaluation.

OCCR 18.12 defines "actual costs" as "reasonable attorney fees to be determined by the judge to whom the case is assigned". GCR 1963, 316.8 defines "actual costs" to include "a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the panel's evaluation". In my view, the phrase "for services necessitated by the rejection of the panel's evaluation" in GCR 1963, 316.8 was meant as nothing more than a temporal demarcation. Thus, I believe that the sanction imposed by the general court rule is that the rejecting party is responsible for reasonable attorney fees incurred by the opposing

party which are the result of services rendered after mediation is rejected, but not those performed up to the time mediation is rejected. This construction is borne out by the Committee Notes accompanying GCR 1963, 316. There, the staff explains that under the rule's definition of "actual costs", "[o]nly costs made necessary by the rejection of the evaluation (*i.e., post-mediation costs*) are recoverable". (Emphasis added.)

The significance of this construction of GCR 1963, 316 is two-fold. First, it relieves trial courts of the wholly unrealistic duty of performing an after-the-fact review of the nonrejecting party's trial preparation and practice. Generally it is not possible for an attorney in advance of trial to determine with precision what will be proven, asked, or argued at trial. Hence, in all but the simplest of cases, counsel must prepare for any number of contingencies which may or may not actually arise in the courtroom. By construing "services necessitated by rejection" as post-mediation services, the trial court need not conduct a hindsight examination of the trial and retrospectively characterize an attorney's time spent as either "necessitated" or "not necessitated" by the rejection of a mediation evaluation. Instead, the court is able to concentrate its resources on the basic factual determination of whether the post-mediation attorney fees claimed are reasonable under all the circumstances.

Second, the above construction is consistent with the policy of GCR 1963, 316, in that it places sanctions for deviation from the rule on the proper party, *i.e.,* the party who rejects a mediation evaluation. As Judge Kallman noted in his dissent to the original opinion in this case, "[w]hether or not the trial here could have proceeded more expeditiously does not change the fundamental fact that,

but for plaintiff's rejection of the mediation [evaluation], no trial would have been necessary in this case". 131 Mich App 385. In this respect, the rejecting party is responsible for costs associated with trial. Consistent with the purpose of GCR 1963, 316.8, the rejecting party must assume the risk of bearing those costs when that party opts to go to trial. Again, construing "services necessitated by rejection" as post-mediation services accomplishes that purpose.

The two-part inquiry suggested by the majority, on the other hand, places an inequitable burden on the nonrejecting party. The facts of this case are illustrative. Here, defendant accepted and plaintiff rejected the mediation panel's evaluation. Accordingly, the case went to trial, where it is alleged that delays attributable to neither party arose. These delays meant that increased attorney fees were incurred by defendant. The majority intimates that because the delays were not necessitated by the decision to go to trial, defendant would be unable to recoup the associated attorney fees under GCR 1963, 316, but instead would himself be responsible for their satisfaction. The effect is to shift the impact of the court rule's sanctions for rejecting a mediation evaluation to the defendant. Defendant attempted to settle by accepting the mediation evaluation, yet under the majority's "necessitated" construction he would face the possibility of bearing costs for which he was not responsible and which he attempted to circumvent by settling.

This Court has held that when a statute or court rule is silent on the method by which reasonable fees are to be determined, the guidelines enumerated in *Crawley* should be followed. See *In re L'Esperance Estate,* 131 Mich App 496; 346 NW2d 578 (1984); *Liddell v Detroit Automobile Inter-Ins*

*Exchange,* 102 Mich App 636; 302 NW2d 260 (1981). It is not surprising, then, that in *Petterman v Haverhill Farms,* 125 Mich App 301; 335 NW2d 710 (1983); *Johnston v Detroit Hoist & Crane Co,* 142 Mich App 597; 370 NW2d 1 (1985), and *Burke v Angies, Inc,* 143 Mich App 683; 373 NW2d 187 (1985), *lv den* 422 Mich 964 (1985), *Crawley* was applied in the context of GCR 1963, 316.8, the court rule discussed in the instant case. I believe this panel should adhere to that view and refrain from implying that the general court rule requires trial courts to conduct an additional inquiry focusing on whether services were "necessitated" by the decision to reject a mediation evaluation before awarding reasonable attorney fees. Accordingly, I suggest that the determination of what constitutes "a reasonable attorney fee" for purposes of GCR 1963, 316.8 be accomplished in a single-step proceeding applying the guidelines set forth in *Crawley* to attorney fees incurred after a mediation award is rejected. In my view, such a proceeding to determine reasonable attorney fees would safeguard against awards for services inefficiently or frivolously performed after rejection of mediation while simultaneously preserving the intent of GCR 1963, 316 and its sanction provisions.