YUHASE v MACOMB COUNTY

Docket No. 101467. Submitted November 7, 1988, at Detroit. Decided March 20, 1989.

Veronica C. Yuhase filed suit against Macomb County in Macomb Circuit Court alleging that defendant discriminated against her in violation of the Handicappers' Civil Rights Act by withdrawing an offer of employment after defendant learned that plaintiff had been treated for a manic-depressive illness. As part of her prayer for relief, plaintiff specifically requested that defendant pay all her attorney fees and costs. Following trial, the jury rendered a verdict in favor of plaintiff and awarded her $34,500. The court, John B. Bruff, J., entered judgment in favor of plaintiff for that amount with no provision for attorney fees or costs. Defendant sent the order of judgment to the court clerk along with a check for $47,402, which represented the verdict award and interest. The clerk's office entered a satisfaction of judgment. Plaintiff subsequently filed a motion requesting $21,275 in attorney fees and costs. Defendant claimed the motion was not timely. The court issued an opinion and order concluding that the plain language of the Handicappers' Civil Rights Act provided that attorney fees were recoverable only as an element of damages and not as an element of costs to be awarded by the court, as is the case under the Civil Rights Act. Plaintiff's motion was denied. Plaintiff appealed.

The Court of Appeals held:

A plaintiff pursuing a handicappers' civil rights claim is not precluded from seeking an award of attorney fees in a posttrial or postinjunctive hearing motion. An award of attorney fees in a handicappers' civil rights claim may be an element of costs to be awarded by the court in its discretion. The matter is remanded to the trial court so that a hearing may be conducted on plaintiff's request for an award of attorney fees and costs.

Reversed and remanded.

CYNAR, P.J., dissented. He would affirm the trial court's

REFERENCES

Am Jur 2d, Job Discrimination §§ 2492, 2493.

Construction and effect of state legislation forbidding job discrimination on account of physical handicap. 90 ALR3d 393.

determination that an award of attorney fees in an action brought pursuant to the Handicappers' Civil Rights Act is an element of damages and not an element of costs to be awarded by the court.

Civil Rights — Handicappers' Civil Rights Act — Attorney Fees — Costs.

An award of attorney fees in an action brought pursuant to the Handicappers' Civil Rights Act may be an element of costs to be awarded by the court in its discretion, and a plaintiff is not precluded from seeking an award of attorney fees in a posttrial or postinjunctive hearing motion (MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

*Campbell & O'Connor, P.C.* (by *Doyle O'Connor*), for plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana* and *Theresa Smith Lloyd*), for defendant.

Before: Cynar, P.J., and Hood and Murphy, JJ.

Murphy, J. Plaintiff appeals as of right from the lower court's denial of her postjudgment motion for attorney fees pursuant to a jury verdict in her favor on her handicappers' civil rights claim against defendant. We reverse and remand.

In July, 1983, plaintiff filed suit against defendant alleging defendant discriminated against her by withdrawing an offer of employment after defendant learned that plaintiff had been treated for a manic-depressive illness. As part of her prayer for relief, plaintiff specifically requested that defendant pay all plaintiff's attorney fees and costs.

Following a July, 1985, jury trial a $34,500 verdict was rendered in plaintiff's favor. On August 9, 1985, plaintiff forwarded a proposed judgment to defendant which provided for judgment as awarded by the jury with interest, costs, and attorney fees to be determined by the court. Defendant responded by writing to plaintiff offering that it

would forego the pursuit of posttrial motions and filing an appeal if plaintiff agreed that defendant need only pay the amount of the verdict and interest to date and plaintiff did not pursue her claim for attorney fees and costs. Plaintiff did not respond to defendant's letter and on March 10, 1986, plaintiff filed an objection to entry of judgment with the circuit court. Plaintiff claimed she was entitled to an award of attorney fees. Nonetheless, three days later, the court entered a judgment order in plaintiff's favor in the amount of $34,500 with no provision for attorney fees or costs. Two weeks later, defendant again wrote plaintiff asking if the case could be settled. Five weeks after that, on April 25, 1986, defendant sent the order of judgment to the circuit court clerk along with a check for $47,402 which represented the verdict award and interest. The clerk's office then entered a satisfaction of judgment. However, the judgment did not indicate if satisfaction was in whole or in part as required by MCR 2.620.

Then, in November, 1986, plaintiff filed a motion requesting $21,275 in attorney fees and costs. Defendant claimed the motion was not timely. In February, 1987, the lower court, relying on *Hines v Grand Trunk W R Co,* 151 Mich App 585; 391 NW2d 750 (1985), issued an opinion and order concluding that the plain language of the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, provided that attorney fees were recoverable only as an element of damages and not as an element of costs to be awarded by the court as is the case under Michigan's Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* Plaintiff now appeals as of right from the lower court's order.

Plaintiff's sole claim on appeal is that the Handicappers' Civil Rights Act permits a prevailing

plaintiff to seek reasonable attorney fees by way of a postjudgment motion. We agree.

The lower court in this case in denying plaintiff's motion relied on this Court's decision in *Hines, supra,* as its own basis to deny attorney fees. In *Hines,* a jury awarded the plaintiff $793,000 together with interest and costs, following trial on his discrimination suit brought under the Michigan's Handicappers' Civil Rights Act. The defendant appealed the damage award and in a cross-appeal the plaintiff argued that the trial court erred by not taxing attorney fees on the defendant. The plaintiff had moved for attorney fees under MCL 37.1606(3); MSA 3.550(606)(3). The defendant in *Hines* objected, claiming that the subsection of the statute relied upon by the plaintiff permitted recovery of attorney fees only as an element of damages, not as costs to be taxed by the court, and that the statute did not apply to the plaintiff's claim because the claim accrued before the subsection became effective. This Court concluded:

> The trial judge correctly ruled that the plain language of the statute provides that attorney fees are an element of damages, not an element of costs to be awarded by the court, as in the Michigan Civil Rights Act. The trial court properly declined to consider an award of attorney fees as an element of costs. The judgment of the trial court is affirmed. [*Hines,* p 597.]

Notwithstanding this interpretation of the statute, two other panels of this Court have, at least implicitly, disagreed with *Hines.* In *Bowen v Nelson Credit Centers, Inc,* 137 Mich App 76; 357 NW2d 811 (1984), lv den 422 Mich 877 (1985), this Court held that attorney fees are allowed under MCL 37.1606; MSA 3.550(606) of the Handicap-

pers' Civil Rights Act. The trial court in *Bowen* awarded the plaintiff $3,000 in attorney fees after the jury returned its verdict of $0 for violating the Handicappers' Civil Rights Act, but failed to state its reasons for arriving at that figure. This Court remanded the matter for the trial court's determination of its attorney fee award.

In addition, another panel of this Court in *Rancour v The Detroit Edison Co,* 150 Mich App 276; 388 NW2d 336 (1986), held that the award of attorney fees under a civil rights statute, such as the Handicappers' Civil Rights Act, is a matter of discretion for the trial court. *Id.,* p 292. Moreover, in exercising that discretion the court should consider a request for attorney fees under a civil rights statute in light of the legislative purposes involved as stated in *King v General Motors Corp,* 136 Mich App 301; 356 NW2d 626 (1984), lv den 422 Mich 871 (1985). Those purposes were stated in *King* as follows:

> In our view, the Michigan Legislature intended to accomplish two purposes in enacting the attorney fee provision of the Elliott-Larsen Civil Rights Act. First, attorney fee awards are intended to encourage persons deprived of their civil rights to seek legal redress as well as to ensure victims of employment discrimination access to the courts. *Seals v Henry Ford Hospital,* 123 Mich App 329, 340; 333 NW2d 272 (1983). See also *Hensley v Eckerhart,* [461] US [424]; 103 S Ct 1933; 76 L Ed 2d 40 (1983) (interpreting the right to attorney fees in a civil rights action brought under 42 USC 1983). A second purpose in allowing attorney fee recovery under the Elliott-Larsen Civil Rights Act is to obtain compliance with the goals of the act and thereby deter discrimination in the work force. See *Maine v Hiboutot,* 448 US 1; 100 S Ct 2502; 65 L Ed 2d 555 (1980) (also interpreting the right to obtain attorney fees in an action brought under 42 USC 1983). [*Id.,* pp 307-308.]

We believe that these purposes for allowing a court to award attorney fees under the Civil Rights Act apply with just as much force for a claim under the Handicappers' Civil Rights Act.

Michigan adheres to the general rule that awards of costs and attorney fees are recoverable only where specifically authorized by statute, the court rules, or a recognized exception. *Warren v McLouth Steel Corp*, 111 Mich App 496, 507; 314 NW2d 666 (1981), lv den 417 Mich 941 (1982). The Handicappers' Civil Rights Act provides in pertinent part the following:

> (1) A person alleging a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both.
>
> (2) An action commenced pursuant to subsection (1) may be brought in the circuit court for the county where the alleged violation occurred, or for the county where the person against whom the civil complaint is filed resides or has his or her principal place of business.
>
> (3) As used in subsection (1), *"damages" means damages for injury or loss caused by each violation of this act, including reasonable attorneys' fees.* [MCL 37.1606; MSA 3.550(606). Emphasis added.]

Thus, subsection (3) clearly authorizes the recovery of attorney fees and further evidences the Legislature's intent that reasonable attorney fees could be awarded for violation of the act. We also note that this language is nearly identical to a relief provision of the Civil Rights Act. MCL 37.2801; MSA 3.548(801). Admittedly, the Civil Rights Act also contains an additional provision (§ 802) pertaining to the court's authority to award attorney fees, costs, and witness fees which provides:

> A court, in rendering a judgment in an action

brought pursuant to this article, may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate. [MCL 37.2802; MSA 3.548(802).]

However, when the Legislature drafted the Handicappers' Civil Rights Act, although it did not incorporate the above-quoted language, it specifically incorporated into that act a provision which makes the procedures followed under the Civil Rights Act applicable to the handicappers' act:

A complaint alleging an act prohibited by this act shall be subject to the *same procedures* as a complaint alleging an unfair employment practice under Act No. 453 of the Public Acts of 1976, as amended, being sections 37.2101 to 37.2804 of the Michigan Compiled Laws (The Civil Rights Act). [MCL 37.1605; MSA 3.550(605). Emphasis added.]

In view of the Legislature's clear desire to allow attorney fees in a handicappers' action and our view of the similar purpose under both acts for permitting an award of attorney fees, we conclude that the above-quoted incorporation provision was meant to include the court's power to award attorney fees as set forth in the Civil Rights Act.

Therefore, in consideration of the foregoing, a plaintiff pursuing a handicappers' civil rights claim is not precluded from seeking an award of attorney fees in a posttrial or postinjunctive hearing motion. We hold that an award of attorney fees in a handicappers' civil rights claim may be an element of costs to be awarded by the court in its discretion. This matter is remanded to the trial court so that a hearing may be conducted on plaintiff's request for an award of attorney fees and costs.

Reversed and remanded. We do not retain jurisdiction.

Hood, J., concurred.

Cynar, P.J. *(dissenting)*. I respectfully dissent and would affirm the trial court's determination that an award of attorney fees is an element of damages and not an element of costs to be awarded by the court. *Hines v Grand Trunk W R Co,* 151 Mich App 585; 391 NW2d 750 (1985).