RAFFERTY v MARKOVITZ

Docket No. 112535. Decided October 26, 1999. On application by the
defendants for leave to appeal, the Supreme Court, in lieu of grant-
ing leave, reversed in part the judgment of the Court of Appeals
and remanded the case to the circuit court for further proceedings.

Amy Rafferty brought an action in the Wayne Circuit Court against
Alan Markovitz and Almark of Michigan, Inc., her former employer,
claiming discrimination under the Civil Rights Act after she had
been fired. The court, Kathleen MacDonald, J., entered an award
for past and future damages on a jury verdict for Ms. Rafferty and
later entered a judgment that included attorney fees under § 802 of
the Civil Rights Act and under MCR 2.403(O) for rejecting a unani-
mous mediation evaluation. The Court of Appeals, HOOD, P.J., and
MACKENZIE and DOCTOROFF, JJ., affirmed in an unpublished opinion
per curiam (Docket No. 198775). The defendants seek leave to
appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and
Justices TAYLOR, CORRIGAN, YOUNG, and MARKMAN, the Supreme Court
*held*:

The plaintiff was compensated for reasonable attorney fees
under § 802 of the Civil Rights Act. She thus had no remaining
actual costs for which she could claim compensation under the
mediation court rule.

1. To recover attorney fees under the mediation court rule, a
party must show that such fees were incurred. But that cannot be
shown where there has been full reimbursement of reasonable
attorney fees through operation of a statutory provision; there are
no actual costs remaining to be reimbursed. An additional award
may be appropriate only if the applicable statute limits the recov-
ery of attorney fees to something less than a reasonable attorney
fee.

2. The attorney-fee provisions of both the Civil Rights Act and
MCR 2.403(O) demonstrate that each was intended to relieve pre-
vailing parties or plaintiffs of the reasonable costs of all or part of
the litigation. There is no support in either provision for the con-
clusion that attorney fees may be imposed as a penalty or that a

party may recover an amount in excess of a reasonable attorney fee.

3. The dicta in *McAuley v General Motors Corp*, 457 Mich 513 (1998), that left open the possibility of recovering attorney fees under both a court rule and a statute where each attorney-fee provision serves an independent purpose is repudiated. Further, *Howard v Canteen Corp*, 192 Mich App 427 (1991), is overruled.

Justice CAVANAGH, joined by Justice KELLY, concurring, stated that as long as the prevailing party has been reimbursed for its "costs" under the Civil Rights Act, there is nothing left to be recovered under the mediation sanction court rule.

Reversed in part and remanded.

*Bredell & Bredell* (by *John H. Bredell*) for the plaintiff-appellee.

*Raymond & Prokop, P.C.* (by *Charles S. Rudy*), for the defendants-appellants.

PER CURIAM. The issue presented is whether the circuit court erred in awarding the plaintiff the full amount of her attorney fees under the Civil Rights Act, as well as partly duplicative attorney fees under the mediation court rule. We hold that the award of attorney fees under the mediation rule was improper, and thus reverse the judgments of the circuit court and the Court of Appeals, in this respect. We remand for further proceedings consistent with this opinion.

I

Following trial in circuit court, a jury awarded the plaintiff $75,000 in past and future economic damages stemming from her claim of discrimination in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* The court later entered a judgment that included interest, costs, attorney fees, and mediation sanctions.

The issue before us in this appeal concerns the award of attorney fees.[1] Section 802 of the Civil Rights Act provides:

> A court, in rendering a judgment in an action brought pursuant to this article, may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate. [MCL 37.2802; MSA 3.548(802).]

MCR 2.403(O) provides that if a party has rejected a unanimous mediation evaluation and the case proceeds to verdict, the party must pay the opposing party's actual costs if both have rejected the evaluation and the verdict is more favorable to the opposing party than the mediation evaluation.[2] "Actual costs" under the rule are defined in subrule 6(b) to include:

> [A] reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation evaluation.

In the instant case, the plaintiff requested a total of $42,504 to cover her actual attorney fees from the beginning of the litigation to the jury verdict, plus $29,188.50 in fees accrued subsequent to the defendants' rejection of the mediation evaluation. The circuit court agreed, and awarded a total of $71,692.50 in attorney fees.

---

[1] The defendants have raised other issues in their application for leave to appeal to this Court, but we are not persuaded that the questions presented should be reviewed by this Court, and we thus deny leave with respect to those issues.

[2] The record indicates that both sides rejected the mediation evaluation of $20,000 in the plaintiff's favor.

With regard to this issue, the defendants argued in the Court of Appeals that the circuit court erred by awarding attorney fees under both the statute and the court rule. But the Court of Appeals disagreed and affirmed the judgment.[3]

The defendants have applied to this Court for leave to appeal.

II

The Court of Appeals explained its disagreement with the defendants as follows:

> This issue was settled in *Howard v Canteen Corp*, 192 Mich App 427; 481 NW2d 718 (1991). In *Howard*, this Court held that attorney fees could properly be awarded under both provisions in a gender-based discrimination case because each provision served an independent policy or purpose. *Id.* at 441. Defendants' argument that *Howard* was incorrectly decided is not persuasive. We believe that *Howard* was correctly decided. Moreover, we are bound to follow this Court's ruling in *Howard*. See MCR 7.215(H).

In *Howard*, the Court of Appeals supported its conclusion that the plaintiff could be compensated under the attorney-fee provisions of both the Civil Rights Act and the mediation court rule with the following analysis:

> [I]n some situations where each provision serves an independent policy and purpose, recovery under both may be appropriate.[28] The policy behind the mediation sanction rule is to place the burden of litigation costs upon the party who insists upon trial by rejecting a proposed mediation award.[29] The purpose of the civil rights attorney fee provision is to

---

[3] Unpublished opinion per curiam, issued June 12, 1998 (Docket No. 198775).

encourage persons deprived of their civil rights to seek legal redress, to ensure victims of employment discrimination access to the courts, and to obtain compliance with the act and thereby deter discrimination in the work force.[30] Therefore, because each provision serves an independent policy or purpose, the award of attorney fees under both was appropriate. However, we note that, on remand, the trial court must determine the reasonableness of the fees awarded as mediation sanctions.

---

[28] See *Dep't of Transportation v Dyl,* 177 Mich App 33, 37-39; 441 NW2d 18 (1989); *Kondratek v Auto Club Ins Ass'n,* 163 Mich App 634, 638-639; 414 NW2d 903 (1987).

[29] *Id.,* p 639.

[30] *Jenkins [v Southeastern Michigan Chapter, American Red Cross,* 141 Mich App 785, 801; 369 NW2d 223 (1985)]. See also *Yuhase v Macomb Co,* 176 Mich App 9, 13; 439 NW2d 267 (1989).

---

[192 Mich App 440-441.]

III

This Court recently had occasion in *McAuley v General Motors Corp,* 457 Mich 513; 578 NW2d 282 (1998), to address the question of duplicative attorney fees in the context of civil rights litigation. Unlike the present case, which arises under the Civil Rights Act, *McAuley* arose under the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.* The plaintiff in *McAuley* was awarded $25,281.25 in attorney fees under § 606 of the HCRA, which includes the following provision:

(3) As used in subsection (1), "damages" means damages for injury or loss caused by each violation of this act, including reasonable attorneys' fees. [MCL 37.1606(3); MSA 3.550(606)(3).]

After entry of judgment, the plaintiff in *McAuley* moved for mediation sanctions under MCR 2.403(O). The trial court denied the motion on the basis that the plaintiff already had been fully compensated and that it would be punitive to compound the award further.

The Court of Appeals reversed in *McAuley*[4] on authority of *Howard*, reasoning that the attorney-fee provisions in the HCRA and the mediation court rule serve independent policies, just as the *Howard* panel had reasoned with regard to the Civil Rights Act and the mediation court rule.

In reversing the decision of the Court of Appeals in *McAuley*, this Court first emphasized that rules governing the construction of statutes apply with equal force to the interpretation of court rules. When it is necessary to construe a court rule and a statute pertaining to the same substantive issue, each must be read according to its plain language. Further, statutes must be construed to prevent absurd results, injustice, or prejudice to the public interest. 457 Mich 518.

In explaining our conclusion in *McAuley* that the plaintiff was not entitled to recover duplicative attorney fees under the mediation rule because he already had been fully reimbursed for his reasonable attorney fees under the HCRA, we stressed that attorney fees generally are not recoverable in this jurisdiction in the absence of a statute or a court rule that expressly authorizes such an award.[5] *Id.*, 519. We further observed that only compensatory damages generally

---

[4] Unpublished opinion per curiam, issued July 9, 1996 (Docket No. 184869).

[5] By footnote in *McAuley*, we also observed that attorney fees may be awarded where provided by contract of the parties, or under a limited

are available in Michigan, and that punitive sanctions may not be imposed. Because the purpose of compensatory damages is to make an injured party whole for losses actually suffered, the amount of recovery for such damages is thus limited by the amount of the loss. The fact that litigants who represent themselves may not recover attorney fees as an element of costs or damages underscores that a party may not make a profit or obtain more than one recovery. *Id.*, 519-520.

We said in *McAuley* that in order for a party to recover attorney fees under the mediation court rule, he must show that he has incurred such fees. But he cannot make such a showing if he already has been fully reimbursed for reasonable attorney fees through operation of a statutory provision, i.e., there are no "actual costs" remaining to be reimbursed. An additional award may be appropriate only if the applicable statute limits the recovery of attorney fees to something less than a reasonable attorney fee.

With regard to plaintiff McAuley's reliance on *Howard*, we observed that even under an "independent purpose" analysis, the double recovery in *McAuley* was not justified:

> [W]e hold that this Court, in enacting MCR 2.403, did not intend double recovery under the circumstances of this case. Specifically, if the prevailing party has already been fully reimbursed for reasonable attorney fees through the operation of the attorney fee provision of the HCRA, there are no "actual costs" remaining to be reimbursed under the court rule. [*Id.*, 522-523.]

---

number of common-law exceptions to the "American rule" recognized in Michigan. *Id.*, 519, n 7.

We concluded in *McAuley* that the Court of Appeals had erred in reversing the trial court's decision not to award extra attorney fees under MCR 2.403(O) in excess of the plaintiff's reasonable attorney fees because the plaintiff already had been reimbursed for those fees under the HCRA. In other words, he had no remaining "actual costs" as defined by the court rule, for which he could claim compensation under the rule.

IV

*McAuley* controls the instant case, and compels that we reverse the judgments of the circuit court and the Court of Appeals, in this respect. We said in *McAuley*, with regard to the HCRA, that the attorney-fee provisions of both the statute and the court rule demonstrate that each was intended to relieve prevailing parties or plaintiffs of the reasonable costs of all or part of the litigation. We further said that there is no support in either provision for the conclusion that attorney fees may be imposed as a penalty or that a party may recover an amount in excess of a reasonable attorney fee. *Id.*, 519. This rationale is similarly applicable to § 802 of the Civil Rights Act, which also authorizes an award of reasonable attorney fees as part of the costs of litigating a civil rights complaint.

We hold that the plaintiff was compensated for her reasonable attorney fees under § 802 of the Civil Rights Act. She thus had no remaining "actual costs" for which she could claim compensation under the mediation court rule. Accordingly, we reverse the judgments of the circuit court and the Court of

Appeals with regard to the award of attorney fees,[6] and we remand this matter to the circuit court for proceedings consistent with this opinion.[7] MCR 7.302(F)(1).

WEAVER, C.J., and TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

CAVANAGH, J. I concur in the result of this Court's per curiam opinion; however, I see no reason why the Court would need to retreat from its decision in *McAuley v General Motors Corp*, 457 Mich 513; 578 NW2d 282 (1998), in order to decide this case. *McAuley* explained that "if the prevailing party has already been fully reimbursed for reasonable attorney fees through the operation of the attorney fee provision of the Handicappers' Civil Rights Act (HCRA), there are no 'actual costs' remaining to be reimbursed under the court rule." 457 Mich 523. Similar to the HCRA, the Michigan Civil Rights Act (CRA) allows a plaintiff to recover costs, which include reasonable attorney fees. MCL 37.2802; MSA 3.548(802). The reasoning used in *McAuley* seems to apply with equal force to the present case: as long as the prevailing party has been reimbursed for its "costs" under the CRA, there is nothing left to be recovered under the mediation sanction court rule.

KELLY, J., concurred with CAVANAGH, J.

---

[6] In so doing, we overrule *Howard*. Further, for the reasons stated by Justice TAYLOR in his concurring opinion in *McAuley*, we repudiate the dicta in *McAuley* that left open the possibility of recovering attorney fees under both a court rule and a statute where each attorney-fee provision serves an independent purpose.

[7] In this regard, the circuit court should recalculate the itemization of attorney time submitted by the plaintiff. Although the plaintiff reports a total of 257.6 hours, with 176.9 hours occurring after the defendants rejected the mediation evaluation, the sums that we calculate are 256.1 hours and 164.3 hours, respectively.