# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA JEAN KINCAID,

UNPUBLISHED
December 23, 2014

Plaintiff-Appellant,

v

No. 317756
Oakland Circuit Court

ESTEL LEROY KINCAID, JR.,

LC No. 2011-781409-DO

Defendant-Appellee.

Before: O'CONNELL, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

In this post-judgment divorce action, plaintiff appeals as of right the circuit court's order granting her $1,800 in attorney fees from defendant. For the reasons set forth in this opinion, we reverse and remand for further proceedings.

The parties in this case had a contentious divorce that ended in a consent judgment of divorce entered on August 29, 2011. The consent judgment contained an enforcement clause, which provided that "[i]n the event any of the terms contained [herein] are not complied with by either party, and the other party must seek enforcement by the court, then the party not in compliance shall be liable for costs, sanctions and attorney fees."

Following entry of the judgment, plaintiff filed two motions to enforce its terms. The motions concerned defendant's obligations with respect to a residential home located on Dickinson in Mt. Clemens (hereinafter "the Dickinson home"). The home was presumably a former marital asset. Per the consent judgment, defendant received the Dickinson home as his sole and separate property. Defendant was required to refinance it as necessary to remove plaintiff's name from the mortgage. He was also required to hold plaintiff harmless and indemnify her on the mortgage. Defendant was also ordered to attempt to refinance or otherwise remove plaintiff from the mortgage within 90 days of entry of the consent judgment.

On December 28, 2012, defendant moved to show cause plaintiff for her alleged failure to provide a quitclaim deed conveying her interest in the Dickinson home to defendant. Defendant alleged plaintiff's failure to execute the quitclaim deed violated the consent judgment. Defendant alleged that he needed plaintiff to sign a quitclaim deed so that he could sell the Dickinson home in a short sale and remove plaintiff's name from the mortgage.

-1-

Before the trial court held a hearing to address defendant's motion, plaintiff also moved to enforce the consent judgment, alleging that defendant failed to remove her name from the mortgage on the Dickinson home, failed to refinance the mortgage, and failed or refused to make payment on the home from October through December 2012. Plaintiff requested that defendant be ordered to comply with the consent judgment and she requested attorney fees.

The trial court held a hearing to address the motions. At the hearing, the trial court denied defendant's motion. The court then heard arguments on plaintiff's motion to enforce the consent judgment and ultimately concluded that defendant violated the terms of the judgment by failing to take responsibility for the mortgage on the Dickinson home. The court granted plaintiff's motion to enforce the judgment and ordered defendant to come current on the mortgage within 60 days. The court reserved its ruling on plaintiff's request for attorney fees for 60 days, stating that it "want[ed] to see what efforts [defendant's] made in terms of refinance."

On March 20, 2013, the parties appeared for another hearing on plaintiff's motion to enforce the consent judgment. Defendant had caught up on the mortgage payments and the issue became whether plaintiff was entitled to attorney fees. Plaintiff argued that defendant was responsible for all of her attorney fees. Defendant countered that plaintiff was not entitled to all of her actual attorney fees, reasoning that at the time plaintiff filed her motion, it was unclear that he had violated the consent judgment because there was no case law regarding "how broadly [the trial court is] going to define 'hold harmless.'" Defendant acknowledged that the trial court had found that he violated the consent judgment, but he did not interpret his actions that way.

The trial court noted that there was "some level of merit" to defendant's argument regarding the hold harmless language. The trial court stated:

> I'm going to give this some thought because I remember very specifically the original argument. I was frustrated because I was trying to operate in the real world and get everybody moving forward. I want to give this one a little bit of thought. . . . I just want to spend a little time thinking about it, what's the equitable thing to do. It's going to be a ruling of equity, I'm sure . . . after I take a look at things.

On April 23, 2014, the trial court issued an opinion and order finding that plaintiff was entitled to attorney fees. The trial court then held an evidentiary hearing to determine the amount of fees due to plaintiff. It began the hearing by stating that it "did not see this as an actual attorney fee case," and that it would "consider principles of equity" while fashioning its award. The trial court then asked plaintiff to acknowledge that it would not be automatically awarding her attorney fees in the amount of the bill she presented, but instead, that the trial court would be considering equity in making its award. Plaintiff agreed.

At the hearing, the trial court considered exhibits, including plaintiff's bill from her attorney. Plaintiff's counsel charged an hourly rate of $175 and billed a total of $4,336, plus an additional $700 for the four hours associated with the evidentiary hearing. Ultimately, the trial court entered an order awarding plaintiff attorney fees in the amount of $1,800. The court did not provide reasoning to support the award other than indicating that it considered factors from *Wood v DAIIE*, 413 Mich 573; 321 NW2d 653 (1982), to determine a reasonable fee.

On appeal, plaintiff contends that the trial court erred in awarding her only $1,800 of the requested attorney fees. Plaintiff argues that under the plain language of the consent judgment, she was entitled to all of her actual attorney fees.

We review a trial court's award of attorney fees for an abuse of discretion and any findings of fact that support the award for clear error.[1] *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). "A court by definition abuses its discretion when it makes an error of law." *In re Waters Drain Drainage Dist.*, 296 Mich App 214, 220; 818 NW2d 478 (2012).

Generally, parties to any litigation are responsible for their own attorney fees, unless there is an exception granted by statute, court rule, or contract. See *Radenbaugh v Farm Bureau Gen Ins Co*, 240 Mich App 134, 152; 610 NW2d 272 (2000). In this case, plaintiff claimed she was entitled to attorney fees pursuant to a contract—i.e. the consent judgment.

A consent judgment of divorce is an enforceable contract. *Holmes v Holmes*, 281 Mich App 575, 587; 760 NW2d 300 (2008). "A contract must be interpreted according to its plain and ordinary meaning." *Id*. at 593. When a contract is unambiguous, it is "not open to judicial construction and must be enforced as written." *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005) (emphasis omitted).

Once it is determined that a party is entitled to attorney fees under the plain terms of a contract, "[a] trial court may not award attorney fees . . . solely on the basis of what it perceives to be fair or on equitable principles." *Reed*, 265 Mich App at 166. Rather, a trial court should make findings of fact to determine the reasonableness of the attorney fees. *Id*. In making this determination, the court may consider a number of factors including:

> the skill, time, and labor involved, the fee customarily charged in the locality for similar services . . . the likelihood that plaintiff's counsel's time commitment to this case precluded other employment, the amount in question and the results achieved, the expense incurred, the professional standing and experience of the attorney, and the retainer agreement. [*Olson v Olson*, 256 Mich App 619, 637; 671 NW2d 64 (2003).]

"While the court is not required to detail its findings regarding each specific factor, it is required to make findings of fact with regard to the attorney fee issue." *Howard v Canteen Corp*, 192 Mich App 427, 437; 481 NW2d 718 (1991), overruled on other grounds *Rafferty v Markovitz*, 461 Mich 265; 602 NW2d 367 (1999) (footnotes omitted). Generally, the starting point for any attorney fee award is the amount of hours spent multiplied by a reasonable hourly rate. *Id*. Once the party seeking the fee has established documentation of the appropriate hours

---

[1] Defendant erroneously contends that this Court does not have jurisdiction to review the circuit court's order and maintains that plaintiff should have filed an application for leave to appeal. Plaintiff filed a claim of appeal from a post-judgment order awarding her attorney fees. Pursuant to MCR 7.202(6)(a)(iv), this was a final order. This Court has jurisdiction over a claim of appeal from a final order. MCR 7.203(A)(1).

expended and hourly rates, then the party opposing the fee may challenge specific hours and specific rates. *Id*. at 437-438.

In this case, the trial court properly determined that plaintiff was entitled to attorney fees under the plain terms of the consent judgment. The judgment clearly provides that a party is entitled to fees if judicial intervention was required to enforce the terms of the judgment. Here, the trial court found that defendant violated the terms of the judgment and it ordered defendant to comply with the terms. Accordingly, plaintiff was entitled to attorney fees associated with enforcing the consent judgment.

After determining that plaintiff was entitled to fees, the only issue before the trial court was whether plaintiff's requested fees were reasonable. The trial court failed to properly address and resolve that question. Instead, the court applied the wrong legal standard when it based its award solely on "principles of equity." In doing so, the court abused its discretion. *Reed*, 265 Mich App at 166. While the court noted that it considered factors from *Wood*, 413 Mich at 588, it failed to articulate any rationale for awarding plaintiff only $1,800 of the $5,036 she requested. The trial court did not articulate findings as to why the remaining fees were unreasonable. For example, it did not find that plaintiff's attorney charged an unreasonable hourly fee or that counsel spent more time than necessary in handling the matter. As such, the trial court did not provide a factual basis to support a finding that the requested fees were unreasonable. Therefore, remand for further proceedings is therefore appropriate. On remand, the trial court should consider solely whether the amount of fees incurred by plaintiff were reasonable. The trial court must articulate its findings of fact in support of its ultimate award.[2]

Reversed and remanded for further proceedings consistent with this opinion. No costs awarded to either party. MCR 7.219(A). We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher

---

[2] In his brief on appeal, defendant argues that we should impose sanctions against plaintiff for filing vexatious proceedings pursuant to MCR 7.216(C). However, this issue is not properly brought before this Court. A request for sanctions under MCR 7.216(C) must be filed as a motion and "A request that is contained in any other pleading, including a brief . . . will not constitute a motion under this rule." MCR 7.211(C)(8). Accordingly, we decline to address defendant's argument.